**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AEROTEK, INC.,**

       **Plaintiff,**

**v.**                                                                 **Case No:   6:14-cv-293-Orl-31TBS**

**KEVIN ZAHN, JASON JIMENEZ and**
**CRAWFORD THOMAS, LLC,**

       **Defendants.**

## ORDER

This matter is before the Court on Defendant Crawford Thomas, LLC's ("C-T") Motion to Dismiss the Complaint (Doc. 13) and the Plaintiff's memorandum in opposition (Doc. 18).

**I.     Background**

The issue before the Court is whether a new employer has a duty to terminate employees when it learns they are subject to non-compete agreements with a former employer. The Plaintiff, Aerotek, Inc., operates a recruiting company based in Maryland. In 2012, Aerotek hired Defendants Zahn and Jimenez ("Employees") who agreed to non-compete provisions ("non-competes") lasting eighteen months after termination of their employment. (Doc. 1 *¶¶* 15-16, 24*)*. The Employees stopped working for Aerotek in 2013, and began working for C-T that same year,[1] which Plaintiff alleges is a violation of the non-compete provisions.[2] On November 20, 2013, after C-T had hired

---

[1] Zahn was hired on or around May, 2013. Jimenez was hired on or around November, 2013 (Doc. 1 ¶ 28).

[2] For purposes of ruling on the Motion to Dismiss, the Court assumes the non-compete provisions were valid and, in fact, breached. This assumption is only for the purposes of evaluating C-T's motion and in no way determines Zahn's and Jimenez's obligations or liabilities.

the Employees, Aerotek sent a letter notifying C-T of the non-competes. (*See* Doc. 18-1). C-T responded that, as a non-party to the contracts, it would not be honoring the Employees' non-competes and would continue to employ them. Following C-T's response, Aerotek filed this suit against the Employees as well as their new employer, seeking to enforce the non-competes and charge C-T with tortious interference with the agreements (Counts III & IV). (*See* Doc. 18).

C-T claims that it cannot be liable for tortious interference because it was unaware the non-compete agreements existed at the time of the breach—*i.e.* when it hired the Employees. Aerotek says that the breach occurred when C-T learned of the agreements, admittedly after the hiring. The Court must determine whether the breach of a non-compete is a continuing breach or merely a continuing injury, if the underlying breach is not ongoing then C-T should be dismissed from this case.

## II.   Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter*

*Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**III.  Analysis**

To plead tortious interference with the Employees' non-compete obligations, Plaintiff must allege (1) the existence of a contract (2) C-T's knowledge of the contract; (3) an intentional and unjustified interference with the contract; and (4) damage. *See Ingenuity, Inc. v. Linshell Innovations Ltd.*, No. 6:11–cv–93–Orl–28KRS, 2014 WL 1230695 at *4 (M.D. Fla. Mar. 25, 2014) (listing elements for tortious interference with a business relationship); *see also MDT Personnel, LLC v. Camoco, LLC*, No. 8:10–cv–2545–T–33MAP, 2010 WL 5535066 at *2 (M.D. Fla. Dec. 8, 2010) (noting tortious interference with a contract and tortious interference with a business relationship are essentially the same cause of action, except that one involves a contract). Here, C-T argues that the Plaintiff's allegations show it did not know of the non-compete obligations when they were breached, *i.e.* when it hired the employees. (*See* Doc. 13 ¶ 7; Doc. 1 ¶¶ 31, 33 (detailing the terms of the obligations the Employees allegedly violated)). The question is, if the Employees breached prior to C-T learning of the non-compete obligations, could C-T's actions meet the elements of tortious interference when it subsequently found out about the obligations.

The Complaint and Plaintiff's response to the Motion to Dismiss make clear that C-T came to know of the Employees obligations through the November 20, 2013 letter, which is after C-T hired the Employees. Unless the Employees' alleged breaches are the kind of civil wrong that are continuous, then C-T did not know of the relevant contract at the time of the breach. The doctrine of continuing tort gives a framework to distinguish a civil wrong from ongoing damages. "[A] continuing tort is 'established by continual tortious acts, not by continual harmful effects from an original, completed act.' " *Pompano Helicopters, Inc. v. Westwood One, Inc.*, No. 07-61737-CIV 2009 WL 1515276 at *4 (S.D. Fla. May 29, 2009) (quoting *Suarez v. City of Tampa*, 987 So. 2d 681, 686 (Fla. Dist. Ct. App. 2008). In *Pompano*, the Southern District of Florida examined the doctrine in the context of the statute of limitations where the defendant was accused of stealing trade secrets by employing one of plaintiff's former employees. *Id.* The court held that "[e]ven assuming [the defendant] did engage in such conduct, it was a one-time event. Although [plaintiff] may still feel the effects of that prior act, it does not constitute a continuing tort." *Id.* Analogously, a breach of a non-compete is complete upon accepting employment with a proscribed employer and the employment thereafter is a continuation of damages, not breach.

In this case, Aerotek alleges that C-T intentionally and unjustifiably interfered in Aerotek's non-compete obligations with the Employees. (*See* Doc. 1 ¶¶ 49, 56). Like in *Pompano,* the Plaintiff conflates the moment of the breach with the period of the injury. It is clear that, assuming the Employees breached their non-compete obligations, that breach was completed upon accepting employment with C-T. Accordingly, while Aerotek may suffer additional damage each day the Employees work for C-T, those are not additional breaches of their obligations. Further, absent knowledge of the non-competes prior to hiring the Employees, C-T could not possess the requisite intent to tortuously interfere with the Employees' obligations. *See Hodge v. Orlando Utilities*

*Commission*, No. 6:09–cv–1059–Orl–19DAB 2009 WL 4042930 at *4-5 (M.D. Fla. Nov. 23, 2009) (noting tortious interference requires proof of specific intent).

It is therefore,

**ORDERED**, Defendants Motion to Dismiss (Doc. 41) is **GRANTED**, and the claims against C-T are dismissed.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 17, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party