# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AEROTEK, INC.,**

      **Plaintiff,**

**v.**                                            **Case No:   6:14-cv-293-Orl-31TBS**

**KEVIN ZAHN and JASON JIMENEZ,**

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration or for Entry of Final Judgment. (Doc. 33). By this Motion, Plaintiff seeks reconsideration of the Court's Order granting Crawford Thomas, LLC's ("Crawford Thomas") Motion to Dismiss. (Doc. 32). In the alternative, Plaintiff asks the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) and certify the Order for immediate appeal.

Plaintiff's Motion for Reconsideration relies upon the recent opinion in *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC,* 746 F. 3d 1008 (11th Cir. 2014). There, the Circuit Court ruled that under Florida law, a restrictive covenant in a lease agreement runs with the land and is enforceable against subsequent competitors. But the Court specifically noted that "Restrictive covenants are only enforceable against those who have notice of such restrictions." *Id.*, at 1033 (quoting *Hagan v. Sabal Palms, Inc.*, 186 So. 2d 302, 311 (Fla. Dist. Ct. App. 1966)). Thus, *Dolgencorp* does not support reconsideration. Rather, it provides further support for this Court's conclusion that Crawford Thomas cannot be liable for tortious interference with a contract that it had no knowledge of at the time it hired the individual defendants.[1] With respect to the request to certify for

---

[1] Plaintiff's argument that Florida law recognizes a continuing violation principle in the

interlocutory appeal, the Court notes that its Order completely disposes of Plaintiff's claim against Crawford Thomas, and Crawford Thomas does not object to such certification. Accordingly, the Court finds that there is no just reason for delay and that Rule 54(b) has been satisfied.

It is, therefore

**ORDERED** that:

1. Plaintiff's Motion for Reconsideration (Doc. 33) is **DENED**; and

2. The Clerk is directed to enter final judgment on behalf of Defendant, Crawford Thomas, LLC. Said final judgment is hereby certified for interlocutory appeal.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 18, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

context of a statute of limitations bar to a restrictive covenant claim does not alter this conclusion.

- 2 -